IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH LOUIS FOLKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 15-938-GMS |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I. BACKGROUND**

On February 18, 1993, a Delaware Superior Court jury convicted Joseph Louis Folks of two counts of first degree unlawful sexual intercourse with a ten year old girl. *See State v. Folks*, 1997 WL 528281 (Del. Super. Ct. Aug. 11, 1997). He was sentenced to thirty years of incarceration. *See State v. Folks*, 2007 WL 1153102, at *1 (Del. Super. Ct. Apr. 19, 2007). Folks' convictions and sentences were affirmed on direct appeal. *See Folks v. State*, 608 A.2d 727 (Table), 1992 WL 21123 (Del. Jan. 16, 1992).

Folks filed his first habeas petition in this court in 1998, which the Honorable Roderick R. McKelvie denied as procedurally barred in 1999. *See Folks v. Snyder*, Civ. A. 98-508-RRM, Order (D. Del. Dec. 1, 1999). Folks filed his second habeas petition in this court in 2012. *See Folks v. Phelps*, Civ. A. 12-1568- GMS. In that petition, Folks contended that his 1993 conviction was illegal because no court in the United States had jurisdiction to convict him due to the fact that he is a "Moorish American National" with sovereign rights. The court dismissed the petition for lack of jurisdiction after determining that it constituted an unauthorized second or

successive habeas petition under § 2244. *See Folks v. Phelps*, Civ. A. 12-1568- GMS, Mem. Order (D. Del. Nov. 18, 2013).

In October 2015, Folks filed the habeas petition presently pending before the court. Once again, he contends that Delaware Superior Court did not have jurisdiction to convict him because he is a "Moorish American National" with sovereign rights. (D.I. 1 at 2) Folks asks the court to vacate his 1993 convictions and sentences and order his immediate release. (D.I. 1 at 9)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant petition is Folks' third request for habeas relief with respect to his 1993 convictions and sentences. Folks' first federal habeas petition was denied as procedurally barred, which constitutes an adjudication on the merits. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); *Rauso v. Pennsylvania Board of*

*Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004). Furthermore, Folks could have asserted the instant "lack of jurisdiction due to his Moorish-American nationality" argument in his first petition. For these reasons, the court concludes that the instant petition constitutes a second or successive habeas petition within the meaning of § 2244.

The record reveals that Folks did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant unauthorized second or successive petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The court will also decline to issue a certificate of appealability because Folks has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss Folks' § 2254 petition for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

April 18, 2016
DATE

UNITED STATES DISTRICT JUDGE

3